**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MINNESOTA**

---

Codie Richards, as guardian for
Gregory L. Wood,

Plaintiff,

vs.

Breon Johnson, Federal Express Corporation,
HERD Enterprises North, Inc., and
Bush Truck Leasing Inc.

Defendants.

Court File No.: _______________

**COMPLAINT**

DEMAND FOR JURY TRIAL
YES _X_ NO ___

---

Plaintiff, as and for their Complaint, states and alleges as follows:

**PARTIES/JURISDICTION**

1. That Codie Richards is the duly appointed, qualified, and acting guardian for Gregory L. Wood, having been appointed by the Honorable Charles F. Webber, Judge of the District Court of Scott County by Order of the Court (70-PR-25-10720) dated September 11, 2025.
2. That at the time of the accident, Gregory L. Wood resided at 103 Lyndale Avenue North, New Prague, Minnesota 56071.
3. That Defendant Breon Johnson ("Defendant Johnson") is, and at all times relevant to this matter was, a citizen of Minnesota, residing at 2050 Jace Drive, Apartment #8 in Mankato, Minnesota 56001.
4. That Defendant Federal Express Corporation (hereinafter "FedEx") is, and at all times relevant to this matter was, a corporation organized and existing under the laws of the State of Delaware with its principal place of business at 3660 Hacks Cross Rd, Bldg F, 2nd FL, Memphis, Tennessee 38125.

5. That Defendant HERD Enterprises North Inc. (hereinafter "HERD Enterprises") is, and at all times relevant to this matter was, a corporation organized and existing under the laws of the State of Minnesota with its principal place of business at 6236 Sheridan Avenue South, Richfield, Minnesota 55423.

6. Defendant HERD Enterprises is a Contracted Service Provider for FedEx.

7. That Defendant Bush Truck Leasing Inc. (hereinafter "Bush Truck") is, and at all times relevant to this matter was, a corporation organized and existing under the laws of the State of Ohio with its principal place of business at 80 Park Drive, Wilmington, Ohio 45177.

8. That because there is diversity of residence and citizenship between the Plaintiff and the Defendants, and because the amount in controversy exceeds $75,000, this Court has jurisdiction pursuant to 28 U.S.C. § 1331.

9. That venue is proper because the motorcycle accident which caused debilitating injury occurred at or near 260th Street and Prairie Rose Court in Scott County, Minnesota.

**GENERAL ALLEGATIONS**

10. On or about May 4, 2025, Greg Wood was operating a motorcycle on 260th Street in Scott County, MN, when a FedEx delivery truck operated by Breon Johnson while acting as an employee/agent of FedEx negligently collided with Mr. Wood's motorcycle.

11. The FedEx driver failed to operate the truck safely by turning into the path of Greg Wood, failing to yield, distracted driving, interacting with wireless device software while driving, failing to maintain a proper lookout, failing to act reasonably under the circumstances, and failing to stop and check on the motorcycle driver after the collision and instead running over Mr. Wood and dragging him under the FedEx truck.

12. That as a result of the May 4, 2025, collision with the FedEx delivery truck and being run over and dragged by the delivery truck, Greg Wood suffered serious and traumatic injuries, including a spinal cord injury resulting in quadriplegia, and severe traumatic brain injury. As a result of the accident Greg Wood is completely dependent on others for all his personal needs and activities of daily living. His injuries are severe and profound, have and will result in millions of dollars of health care costs, and require 24/7 care for Mr. Wood for the remainder of his life.

13. Defendant Johnson was an employee and/or agent of Defendant FedEx and was acting within the course and scope of his employment and/or agency and was delivering packages for FedEx at the time of the collision.

14. On May 4, 2025, Defendant Johnson was driving a 2022 Chevrolet Express commercial vehicle, owned by Bush Truck and leased by HERD Enterprises, westbound on 260th Street in Scott County, Minnesota.

15. The FedEx delivery truck operated by Breon Johnson had the following information printed on the side: "HERD Enterprises North Inc., Richfield MN / Contracted Service Provider / Operated by Federal Express Corporation USDOT 86876".



16. That Greg Wood was driving his motorcycle eastbound on 260th Street in Scott County, Minnesota. Greg Wood's motorcycle and Defendant Johnson's FedEx delivery truck were coming from opposite directions.

17. That at that time and place, Defendant Breon Johnson, while making a delivery, became distracted by his GPS device and failed to maintain a proper lookout, making a left turn directly into the path of Gregory Wood.

18. That the weather conditions on the day of the accident were sunny and clear and there were no obstructions affecting visibility. Mr. Wood would have been visible to Defendant Johnson at the time the FedEx delivery truck turned left across the center line.

19. The FedEx delivery vehicle was equipped with a road-facing and driver-facing dash cam, which captured video evidence of Defendant Johnson's negligent conduct causing the crash.

20. That the dash camera footage confirms that Greg Wood was visible to Defendant Johnson and that Greg Wood was properly in his lane well before the collision occurred. The video shows Greg Wood trying to take evasive action, braking hard enough to lock up his rear tire and forcing him to lay his bike down in a desperate effort to avoid the collision.

21. That Defendant Johnson was interacting with his GPS, and his attention is focused on the left side of the road trying to find where to take his left turn. Defendant Johnson failed to return his eyes to the roadway to check for oncoming traffic before turning left across the center line.

22. That Defendant Johnson failed to keep a proper lookout, failed to yield the right-of-way and turned directly into the path of Mr. Wood's motorcycle, which had the right-of-way.

23. That despite Mr. Wood's best efforts to avoid the collision by braking and laying his motorcycle down on its side, he and his motorcycle slid into and under the truck. The point of impact was in Mr. Wood's eastbound lane of travel.

24. After the collision, Defendant Johnson came to a complete stop. Without getting out of the truck, or checking on Mr. Wood's condition or location under the truck, Defendant Johnson drove forward and ran over Mr. Wood, crushing Mr. Wood and dragging him and his motorcycle into the driveway where the truck had been turning.

25. That police photos show the point of impact and the final spots where Wood, the motorcycle, and the FedEx delivery truck came to rest.




26. That in addition to dash cam video footage, a sophisticated monitoring system installed in the commercial vehicle tracks everything from blink rates, eye movement and road attention, and will serve as additional evidence of Defendant Johnson's distraction and failure to maintain proper vigilance.

27. That as a direct and proximate cause and result of the acts and omissions of the Defendants as alleged herein, Greg Wood suffered severe and traumatic injuries for which the Defendants are responsible.

**DAMAGES**

28. As a direct and proximate result of the May 4, 2025, collision, Greg Wood has sustained severe and disabling injuries, which have left him permanently disabled in his mind and body. The catastrophic injuries he suffered in the collision have caused him to endure unimaginable pain and suffering, humiliation and loss of enjoyment of life, and other damages and pecuniary losses.

29. Greg Wood suffered a spinal cord injury, which has left him without the voluntary use of his legs and unable to control his arms or hands. He is completely dependent upon others for mobility, nutrition, personal care and all activities of daily living.

30. Greg Wood suffered a traumatic brain injury which has left him with impaired cognitive function, memory, communication, and which has resulted in placement in the care of a permanent guardian.

31. Greg Wood has suffered other significant internal and orthopedic injuries, including comminuted right distal tibia fracture, comminuted right distal fibula fracture, left proximal fibula fracture, displaced fracture of third cervical vertebra, minimally displaced C5 spinous process fracture, nondisplaced right C6 inferior articular process fracture, multiple bilateral rib fractures, grade 2 liver laceration with hepatic contusion, right adrenal hemorrhage, anterior tibial artery occlusion in the right lower extremity, common peroneal artery occlusion, traumatic dissection of the right lower extremity artery, and left lower extremity deep vein thrombosis.

32. As a result of the collision with the FedEx delivery truck, Greg Wood requires around the clock, skilled nursing care. He has not been able to return home or return to work, and he will be required to remain in a skilled care setting or other suitable facility for the remainder of his life.

33. The medical and related expenses Mr. Wood has sustained are in excess of $1,700,000 and his damages will continue for the remainder of his life, as he will require daily and continuous medical care and monitoring.

34. As a direct and proximate result of Greg Wood's injuries from the explosion, he has sustained the following items of damages, among others, for which Greg Woof is entitled to compensation:

    a) Past, present and future hospital, medical, pharmacy and rehabilitation care and treatment expenses.

    b) Past, present and future permanent disability.

    c) Past, present and future permanent disfigurement.

    d) Past, present and future physical pain and suffering and other mental and psychological injuries.

    e) Past, present and future loss of enjoyment of life.

    f) Past, present and future loss of earnings and earning capacity.

    g) Past, present and future loss of economic opportunity.

    h) Other economic or out-of-pocket losses to be determined.

35. As a result, Greg Wood has sustained losses, injuries and damages in an amount vastly in excess of Seventy-Five Thousand Dollars ($75,000).

**JURY TRIAL DEMAND**

36. Plaintiff demands a jury trial as to all issues of fact herein.

**COUNT 1 – NEGLIGENCE OF BREON JOHNSON**

Plaintiff realleges and incorporates by reference hereto Paragraphs 1 through 36 as though they were fully set forth herein.

37. That Defendant Johnson had a duty to avoid placing himself or others in danger and to act reasonably under the circumstances to avoid an accident.
38. That Defendant Johnson had a duty to keep a lookout for other users of the roadway, such as Greg Wood.
39. That Defendant Johnson had a duty to yield the right-of-way to Greg Wood.
40. That Defendant Johnson made a left-hand turn into the path of Greg Wood, causing him to collide with the FedEx delivery truck.
41. That Defendant Johnson breached the aforementioned duties by failing to operate his vehicle in a safe manner.
42. That Defendant Johnson's negligence directly and proximately caused the accident and associated injuries of Greg Wood.

**COUNT 2 – VIOLATION OF STATUTE**

Plaintiff realleges and incorporates by reference hereto Paragraphs 1 through 42 as though they were fully set forth herein.

43. That Defendant Breon Johnson violated the Rules of the Road in Minnesota, including but not limited to: failing to yield, distracted driving, failing to maintain a proper lookout, failing to act reasonably under the circumstances, and failing to stop to check on the motorcycle driver after the collision and instead running over Mr. Wood and dragging him under the FedEx delivery truck.

44. That Minnesota has established a broad law for the purpose of preventing traffic injuries and fatalities due to distracted driving. Minn. Stat. §169.475, Subd. 2 provides as follows:

> …when a motor vehicle is in motion or a part of traffic, the person operating the vehicle upon a street or highway is prohibited from using a wireless communication device to
>
> (1) Initiate, compose, send, retrieve, or read an electronic message;
>
> (2) Engage in a cellular phone call, including initiating a call, talking or listening, and participating in video calling; and
>
> (3) Access the following types of content stored on the device: video content, audio content, images, games, or software applications.

45. That upon information and belief, the FedEx delivery truck was equipped with a delivery management platform device which provides turn-by-turn route planning, navigation, stop notes as the driver approaches a stop, location overrides, and real-time driver tracking.

46. Defendant Johnson was interacting with the device, receiving electronic messaging, accessing the software application, and otherwise using the delivery management platform while operating the vehicle upon a street or highway.

47. That this distraction contributed to causing the accident and that Defendant Johnson had no legal excuse for his violation of Minnesota law.

48. That Greg Wood, as a motorist, was in the class of persons the statute was designed to protect.

**COUNT 3 – VICARIOUS LIABILITY OF FEDEX**

Plaintiff realleges and incorporates by reference hereto Paragraphs 1 through 48 as though they were fully set forth herein.

49. That at the time of the accident, Defendant Johnson was an employee and/or agent of Defendant FedEx.

50. That at the time of the accident Defendant Johnson was negligently operating the FedEx delivery vehicle in the course and scope of his employment and/or agency with Defendant HERD Enterprises and/or FedEx.
51. That at the time of the collision, Defendant Johnson was engaged in delivery activities on behalf of HERD Enterprises and/or FedEx.
52. That Defendant FedEx is responsible for the negligent acts of its employees or agents that occur in the course of their agency or employment and is liable for any acts of negligence on the part of Defendant Johnson.

**COUNT 4 – VICARIOUS LIABILITY OF HERD ENTERPRISES**

Plaintiff realleges and incorporates by reference hereto Paragraphs 1 through 52 as though they were fully set forth herein.

53. That at the time of the accident, Defendant Johnson was an employee and/or agent of Defendant HERD Enterprises.
54. That at the time of the accident Defendant Johnson was negligently operating the FedEx delivery vehicle in the course and scope of his employment and/or agency with Defendant HERD Enterprises.
55. That at the time of the collision, Defendant Johnson was engaged in delivery activities on behalf of HERD Enterprises.
56. That Defendant HERD Enterprises is responsible for the negligent acts of its employees or agents that occur in the course of their agency or employment is liable for any acts of negligence on the part of Defendant Johnson.
57. That Defendant HERD Enterprises was the lease holder for the FedEx delivery vehicle which collided with Greg Wood at the time of the accident.

58. That Defendant Breon Johnson was the operator of the FedEx delivery vehicle leased by Defendant HERD Enterprises on 260th Street in Scott County, Minnesota on May 4, 2025.
59. That Defendant Breon Johnson had the consent of HERD Enterprises and/or FedEx to operate said vehicle.
60. That with regard to the accident occurring May 4, 2025, Defendant Johnson was the agent of Defendant HERD Enterprises.
61. That Defendant HERD Enterprises is responsible for the negligent acts or omissions of its agents, including the acts and omissions of their agent driver, Defendant Johnson, that led to the accident on May 4, 2025.

**COUNT 5 – VICARIOUS LIABILITY OF BUSH TRUCK**

Plaintiff realleges and incorporates by reference hereto Paragraphs 1 through 61 as though they were fully set forth herein.

62. That Defendant Bush Truck owned the FedEx delivery vehicle involved in this incident and was listed as the registered owner at the time of the accident.
63. That Defendant Johnson was the operator of the 2022 Chevrolet Express commercial vehicle owned by Bush Truck on 260th Street in Scott County, Minnesota on May 4, 2025.
64. That Defendant Johnson had consent to operate said vehicle.
65. That with regard to the accident occurring on May 4, 2025, Defendant Johnson was the agent of the owner of the commercial vehicle, Defendant Bush Truck.
66. That Defendant Bush Truck is responsible for the negligent acts or omissions of its agents, including the acts and omissions of their agent driver, Defendant Johnson, that led to the accident on May 4, 2025.

67. That Defendant Bush Truck is responsible for the negligent acts of its agents that occur in the course of their agency.

68. That because Defendant Johnson was an agent of Defendant Bush Truck, Defendant Bush Truck is liable for any acts of negligence on the part of Defendant Johnson.

**COUNT 6 – NEGLIGENT HIRING, TRAINING, SUPERVISION AND RETENTION**

Plaintiff realleges and incorporates by reference hereto Paragraphs 1 through 68 as though they were fully set forth herein.

69. Defendant FedEx is a logistics and transportation company providing a wide range of services including express delivery, delivery shipping, freight transportation, and e-commerce solutions across the United States.

70. Defendant HERD Enterprises is a Contracted Service Provider of FedEx whose employees and agents operate vehicles and deliver packages on behalf of FedEx.

71. Defendants FedEx and HERD Enterprises owed the general public, including Greg Wood, a duty to determine the qualifications and fitness of its employees including, but not limited to, adequately evaluating applicants before hiring them as drivers, adequately training and supervising these drivers, and adequately evaluating these employees' fitness to drive.

72. Defendants FedEx and/or HERD Enterprises breached these duties to the general public, including Greg Wood, by its negligent and careless hiring, training, supervising and retaining of Breon Johnson, who was unfit to drive the FedEx delivery vehicle at the time of the crash.

73. Defendant Johnson was charged with operating a vehicle while revoked, canceled or suspended in Wisconsin on October 4, 2024. On February 7, 2025, Defendant Breon Johnson's driver's license was suspended.

74. Defendant FedEx Delivery knew or should have known their driver, Defendant Breon Johnson, was operating the FedEx delivery vehicle in violation of state and federal law.

75. Defendant FedEx Delivery was negligent in entrusting the FedEx delivery vehicle to Defendant Johnson.

76. That as a proximate and legal result of Defendant FedEx Delivery's negligent hiring, training, supervision, and retention, Gregory Wood sustained severe and debilitating injuries on May 4, 2025.

**WHEREFORE,** Plaintiff respectfully requests that this Court enter a judgment against Defendants for the personal injuries sustained by Gregory L. Wood, in excess of Seventy-Five Thousand Dollars ($75,000.00), and that any settlement or judgment proceeds be subject to the court approval process required under Minnesota General Rules of Practice Rule 145 for actions on behalf of incapacitated persons, together with costs, disbursements, statutory prejudgment interest, and further relief as this court deems just and equitable.

Dated: November 14, 2025

PATTERSON DAHLBERG

By: /s/Paul R. Dahlberg

Attorneys for Plaintiff
Paul R. Dahlberg, #228217
Jeremy L. Lampman, # 393215
3014 Allegro Park Lane SW
Rochester, MN 55902
Ph. (507) 424-3000
p.dahlberg@pattersondahlberg.com

## ACKNOWLEDGMENT

The undersigned hereby acknowledges that sanctions may be imposed pursuant to Minn. Stat. §549.211 to the party against whom the allegations in this pleading are asserted.

Dated: November 14, 2025

/s/Paul R. Dahlberg
Paul R. Dahlberg