**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

| | |
|---|---|
| CODIE RICHARDS, as guardian for Gregory L. Wood, | Case No. 25-cv-4345 (LMP/DTS) |
| Plaintiff, | |
| v. | **ORDER DISMISSING COMPLAINT** |
| BREON JOHNSON; FEDERAL EXPRESS CORPORATION; HERD ENTERPRISES NORTH, INC.; and BUSH TRUCK LEASING, INC., | |
| Defendants. | |

On November 14, 2025, Plaintiff Codie Richards ("Richards") filed this action against Defendants Breon Johnson ("Johnson"), Federal Express Corporation ("FedEx"), HERD Enterprises North, Inc. ("HERD"), and Bush Truck Leasing, Inc. ("Bush Truck"). In short, Richards is the court-appointed guardian for Gregory L. Wood ("Wood"). ECF No. 1 ¶ 1. Richards alleges that Johnson—a delivery driver for FedEx—negligently struck Wood with his delivery vehicle owned by Bush Truck and leased by HERD, leaving Wood with severe injuries. *Id.* ¶¶ 10, 12, 14. Richards brings state-law tort claims against Johnson, FedEx, HERD, and Bush Truck on Wood's behalf. *Id.* ¶¶ 37–76.

The problem for Richards is that this case cannot be in federal court as currently pleaded. Richards invokes the Court's diversity jurisdiction, *id.* ¶ 8, but for diversity jurisdiction to exist, there must be complete diversity of citizenship between all plaintiffs and all defendants, *see Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005). Complete

1

diversity of citizenship exists "where no defendant holds citizenship in the same state where any plaintiff holds citizenship." *OnePoint Sols., LLC v. Borchert*, 486 F.3d 342, 346 (8th Cir. 2007). Here, Richards alleges that Wood is a citizen of Minnesota.[1] ECF No. 1 ¶ 2; ECF No. 1-1 at 1. But Richards also alleges that two defendants—Johnson and HERD—are also citizens of Minnesota. *Id.* ¶¶ 3, 5. Because Wood is a citizen of the same state as two defendants, complete diversity does not exist. *Borchert*, 486 F.3d at 346. And because Richards only brings state-law claims on Wood's behalf, federal-question jurisdiction does not exist under 28 U.S.C. § 1331.

If the Court determines "at any time that it lacks subject-matter jurisdiction," it must dismiss the action. Fed. R. Civ. P. 12(h)(3). Accordingly, the Court will dismiss the complaint without prejudice. If Richards does not file an amended complaint by November 25, 2025, adequately alleging subject-matter jurisdiction, the Court will enter judgment dismissing this case without prejudice.

Based upon the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1.    The complaint (ECF No. 1) is **DISMISSED WITHOUT PREJUDICE**; and

2.    Judgment will be entered on November 25, 2025, if no amended complaint is filed in accordance with this order.

Dated: November 18, 2025                    *s/Laura M. Provinzino*
                                            Laura M. Provinzino
                                            United States District Judge

---

[1]    As Wood's legal representative, Richards's citizenship for purposes of diversity jurisdiction is the same as Wood's. *See* 28 U.S.C. § 1332(c)(2).

2